UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAY K. HAYNES Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01717-LJM-DKL |
| | ) | |
| INDIANA UNIVERSITY, | ) | |
| THE BOARD OF TRUSTEES OF | ) | |
| INDIANA UNIVERSITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY AND MOTION TO SUPPLEMENT EVIDENCE

This matter is before the Court on Plaintiff Dr. Ray Haynes' Motion for Leave to File Surreply in Opposition to Defendants' Motion for Summary Judgment ("Motion for Leave"). Dkt. 130. Dr. Haynes asserts that Defendants raised new arguments, evidence, and objections in their reply brief. Dkt. 94. Dr. Haynes has also submitted a Motion to Supplement Plaintiff's Designation of Evidence in Opposition to Defendant's [sic] Motion for Summary Judgment ("Motion to Supplement"). Dkt. 132. The Court will address each of these motions in turn.

### I. MOTION FOR LEAVE

Local Rule 56-1(d) states, "A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response." It further states that the surreply "must be limited to the new evidence and objections." "District courts are entitled to

'considerable discretion in interpreting and applying their local rules.'" *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.* 800 F.3d 853, 858 (7th Cir. 2015) (quoting *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003)).

Dr. Haynes has submitted his proposed surreply with his Motion for Leave. Dkt. 130-1.

**A. NEW EVIDENCE**

Dr. Haynes claims that Defendants introduced new evidence in their reply brief, including: (1) an affidavit from Defendants' counsel (Dkt. 121-1); (2) an affidavit from Krista Glazewski (Dkt. 121-2); (3) a book chapter entitled "Complex Adaptive Mentoring Programs: How to Use in Developmental Networks" by Dr. Haynes (Dkt. 121-3); (4) additional designations from the deposition of Gerardo Gonzalez (Dkt. 121-4); (5) an email from Thomas Brush to Elizabeth Boling (Dkt. 121-5); (6) additional designations from the deposition of Joyce Alexander (Dkt. 121-6); (7) external reviews of Yonjoo Cho (Dkt. 121-7); (8) an affidavit from Jane Kaho (Dkt. 121-8); and (9) excerpts from the deposition of Barbara Bichelmeyer (Dkt. 121-9). Dkt. 130 at 2. Dr. Haynes asserts that this new evidence is not admissible and that Defendants use it to advance new arguments. Dkt. 130 at 2.

Dr. Haynes first challenges the affidavit from Defendants' counsel and how it relates to when Dr. Haynes acquired knowledge of alleged discrimination. Dr. Haynes claims that this affidavit is not admissible because Defendants' counsel lacked personal knowledge. Dkt. 143 at 6-7. "An affidavit or declaration used to support a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R.

Civ. P. 56(c)(4) ("Rule 56(c)(4)"). The affidavit states Defendants' counsel was responsible for the production of documents to Dr. Haynes, which is sufficient to establish that Defendants' counsel possessed personal knowledge and was competent to testify as to their production. Dkt. 121-1. Therefore, the affidavit is admissible.

Nonetheless, the affidavit does raise new evidence in support of Defendants' allegation that Dr. Haynes' claims were not timely filed. In their original brief, Defendants simply cite to the Complaint to prove that Dr. Haynes was aware of the alleged evidence of discrimination as early as October 24, 2014. Dk. 67 at 15-16. The affidavit of Defense counsel, however, sheds new light on this alleged admission and constitutes new evidence. Accordingly, Dr. Haynes shall be permitted to respond to the allegations in Defendants' counsel's affidavit.

Dr. Haynes also cites the other evidence raised for the first time in Defendants' reply brief as "new evidence and new arguments" to which he should be able to respond. Dkt. 143 at 13. Dr. Haynes specifically cites to his proposed surreply to demonstrate that there was: (1) admissible evidence that he was qualified for tenure; (2) ample evidence of a pattern of discrimination against African American males; and (3) sufficient evidence of bias against Dr. Haynes during his tenure review process. Dkt. 143 at 13. In his proposed surreply, Dr. Haynes introduces evidence from two experts, Dr. Laura Perna, to establish that he was as qualified as a professor that received tenure the year before Dr. Haynes' review; and Dr. Anthony Greenwald, to establish that there were multiple indications of implicit bias in Dr. Haynes' tenure review. Dkt. 130-1 at 13-17. Notably, however, neither of the experts' proposed evidence relates to alleged the "new evidence" that Dr. Haynes cites in his Motion for Leave. Moreover, none of the allegedly new

3

evidence or new arguments cited by Dr. Haynes is mentioned in this section of his proposed surreply. Dr. Haynes' proposed argument is not related to the allegedly new evidence or new arguments he cites and must be rejected.

Accordingly, Dr. Hayne's Motion for Leave to respond to Defendants' new evidence is **GRANTED in part and DENIED in part**.

### B. QUALIFIED IMMUNITY

Defendants argued in their initial brief that both Indiana University and the individually named defendants have sovereign immunity from Dr. Haynes' Section 1981 claims. Dkt. 67 at 15-17. Specifically, Defendants argued that all of them are immune from monetary losses incurred by Dr. Haynes' denial of tenure. Dkt. 67 at 15-17. Dr. Haynes claims that the Defendants argued in their reply brief, for the first time, that Defendants seek immunity from both monetary and injunctive relief and assert qualified immunity as a defense. Dkt. 130, ¶¶ 9, 10. Defendants made clear in their initial brief that they only sought to bar Dr. Haynes' monetary claims. Dkt. 67 at 15-17. Defendants did not, however, raise the qualified immunity defense until their reply brief. Therefore, Dr. Haynes' Motion for Leave to respond to Defendants' qualified immunity argument is **GRANTED in part and DENIED in part**.

### C. CAT'S PAW ARGUMENT

Dr. Haynes also seeks to file his surreply in response to Defendants' "cat's paw" theory, which he claims is first introduced in Defendants' reply. Dkt. 143 at 11-12. Dr. Haynes seeks to rebut this argument and once again introduce the expert report of Dr. Greenwald. In a "cat's paw" case, an employee seeks "to hold his employer liable for the animus of a supervisor who was not charged with making the ultimate employment

decision." *Staub v. Proctor Hosp.*, 562 U.S. 411, 416 (2011). Dr. Haynes claims that Defendants did not argue this theory in their initial brief and that he should not have to "forecast" that the argument would be made in their reply. Dkt. 143 at 11. Defendants stated in their initial brief, however, that "Dr. Haynes has no evidence that any of the decision-makers at the higher levels of review were influenced by any alleged improper motivation on the part of Dr. Alexander or Dr. Brush." Dkt. 67 at 31. Although Defendants specifically label their argument as a "cat's paw" theory for the first time in their reply brief, Defendants sufficiently asserted in their initial brief the belief that "cat's paw" liability was not applicable in this case. It should also be noted that a "cat's paw" theory is one that is advanced by aggrieved employees, in this case Dr. Haynes. Therefore, if Dr. Haynes had any evidence or argument relating to this type of liability, it was incumbent upon him to raise it in his response brief rather than wait for "an opportunity to rebut this new argument" in a surreply. Dkt. 143 at 11. *See U.S. ex rel. Abner v. Jewish Hosp. Health Servs.*, 4:05-cv-106-RLY-WGN, 2010 WL 811288, at *1 (S.D. Ind. Mar. 3, 2010) (stating that a "party is not entitled to hold back evidence until the filing of a surreply.").

Accordingly, Dr. Haynes' Motion for Leave with respect to Defendants' "cat's paw" theory is **DENIED**.

### D. SUPPLEMENTARY DESIGNATION

Finally, Dr. Haynes seeks to provide "a supplementary designation of evidence in response to Defendants' objections to his evidence." Dkt. 143 at 12. Specifically, Dr. Haynes offers the full expert report of Dr. Perna "in response to challenges to his evidence, including reports from his experts." Dkt. 143 at 12. This logic is incongruous with the purpose of Local Rule 56-1(d), which requires that surreplies address new

5

evidence or arguments submitted for the first time in a reply brief. Dr. Haynes essentially argues that because Defendants objected to Dr. Perna's declaration in their reply, Dr. Haynes is now allowed to submit the full expert report to address these objections, rather than actually address the objections to the declaration themselves. This backdoor attempt to admit his expert's testimony contravenes the purpose of Local Rule 56-1(d). Therefore, Dr. Haynes' Motion for Leave to file supplementary evidence is **DENIED**.

## II. <u>MOTION TO SUPPLEMENT</u>

In his Motion to Supplement, Dr. Haynes seeks to augment his response in opposition to summary judgment with the expert reports of Dr. Perna and Dr. Greenwald.[1] Dkt. 132. Dr. Haynes claims that the expert reports were "indisputably unavailable" at the time he filed his response brief. Dkt. 147 at 4. Dr. Haynes states that "it is totally understandable why both of Dr. Haynes's [sic] experts, who are indisputably both in the field of academia, would be extremely busy in the month of May due to the end of the [s]pring 2017 term." Dkt. 147 at 4. Yet it is far from understandable why Dr. Haynes is attempting to bring forth this evidence at this juncture in the proceedings after the Defendants' Motion for Summary Judgment has been fully briefed and is ripe for adjudication. Moreover, the only time that Dr. Haynes ever mentioned the need for more time relating to his experts was in his Motion for Enlargement of Time to Disclose Experts and Complete Expert Discovery ("Motion for Enlargement") filed on April 25, 2017. Dkt.

---

[1] Dr. Haynes also seeks to supplement his response in opposition to summary judgment with an email chain that he claims he specifically referred to in the response, but fails to provide a citation for it. The Court declines to scour the response in an attempt to discover the email chain's location. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Accordingly, Dr. Haynes has waived his right to supplement this piece of evidence.

86. In the Motion for Enlargement, Dr. Haynes indicates that his intended experts were preparing for finals at the end of the spring 2017 term, but also explicitly states that "[t]he relief sought in this Motion does not disturb the dispositive motion deadlines or any other deadlines in this matter[.]" Dkt. 86, ¶ 14. And, although Dr. Haynes complains that the Defendants did not object to the extensions for his expert disclosures, that failure to object in no way relates to the use of expert testimony in a response on summary judgment. Dkt. 147 at 2.

Most telling, however, is that beginning on April 20, 2017, Dr. Haynes filed four extensions of time in which to file his response brief and not one of these motions alluded to the unavailability of Dr. Haynes' expert reports. Dkts. 81; 91-93. He also filed a Rule 56(d) motion, arguing that additional discovery was necessary for him to fully respond to the motion for summary judgment, but did not mention anything related to his experts. Dkt. 109. In the ruling on Dr. Haynes' Rule 56(d) motion, the Court noted that any alleged discovery issues "should have been addressed in a timely fashion first with the parties and then with the Court." Dkt. 150 at 21. The same holds true in this instance. If Dr. Haynes wished to utilize the expert reports in his response brief, he should have petitioned the Court for more time for his experts to complete the reports prior to the deadline for his response brief; allowing Dr. Haynes to supplement his response at this stage would be prejudicial to the Defendants. For these reasons, Dr. Haynes' Motion to Supplement is **DENIED**.

### III. CONCLUSION

In summary, the Court hereby **GRANT in part and DENIES in part** Dr. Haynes' Motion for Leave (Dkt. 130); and **DENIES** Dr. Haynes' Motion to Supplement (Dkt. 132). Within seven (7) days from the entry of this Order, Dr. Haynes shall file a surreply to address Defendants' counsel's affidavit and Defendants' theory on qualified immunity. Dr. Haynes is reminded that any evidence submitted in the surreply must be limited to the affidavit and the qualified immunity arguments and any extraneous evidence will be stricken completely.

IT IS SO ORDERED this __31st__ day of July, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Melissa A. Gardner
TAFT STETTINIUS & HOLLISTER LLP
mgardner@taftlaw.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP
mterrell@taftlaw.com

Michele Lee Richey
TAFT STETTINIUS & HOLLISTER LLP
MRichey@taftlaw.com